14-3349-bk
*FELRA v. The Great Atl. & Pac. Tea Co.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of July, two thousand fifteen.

PRESENT:    GUIDO CALABRESI,
            DEBRA ANN LIVINGSTON,
                        *Circuit Judges*,
            WILLIAM K. SESSIONS III,[1]
                        *District Judge.*

_____

FOOD EMPLOYERS LABOR RELATIONS ASSOCIATION AND UNITED
FOOD AND COMMERCIAL WORKERS PENSION FUND,

     *Appellant*,

       v.                                    No. 14-3349-bk

THE GREAT ATLANTIC & PACIFIC TEA COMPANY,

     *Appellee,*

_____

---

[1] The Honorable William K. Sessions III, of the Unites States District Court for the District of Vermont, sitting by designation.

FOR APPELLANT:            JEFFREY S. SWYERS, Barry S. Slevin, Christopher M. Leins, Slevin & Hart, P.C., Washington, DC.

FOR APPELLEE:             MICHAEL B. SLADE, John S. Moran, Paul M. Basta, Kirkland & Ellis LLP, Chicago, IL.

Appeal from the United States District Court for the Southern District of New York (Román, *J.*). **UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

* * *

Appellant Food Employers Labor Relations Association and United Food and Commercial Workers Pension Fund ("FELRA") sought administrative expense treatment under 11 U.S.C. § 503(b)(1)(A) for a portion of its claim against the bankruptcy estate of Appellee Great Atlantic & Pacific Tea Company ("A&P") arising out of A&P's withdrawal from participation in the FELRA pension plan. An employer that withdraws from a multiemployer employee benefit plan incurs "withdrawal liability" to the plan under 29 U.S.C. § 1381(a), meant to cover that employer's share of the plan members' vested but unfunded benefits. *See Trustees of the Amalgamated Ins. Fund v. McFarlin's, Inc.*, 789 F.2d 98, 99 (2d Cir. 1986). The Bankruptcy Court (Drain, *J.*) denied FELRA's motion for allowance of an administrative expense claim, and the district court affirmed. "On an appeal from the district court's affirmance of a bankruptcy court's order, we review the decision of the bankruptcy court independently, assessing its conclusions of law *de novo* and its factual findings for clear error." *In re Dana Corp.*, 574 F.3d 129, 144-45 (2d Cir. 2009). As this appeal involves only questions of law, our review is *de novo*. *See In re Bethlehem Steel Corp.*, 479 F.3d 167, 172 (2d Cir. 2007) ("The bankruptcy court's determination in this case that the payment at issue does not constitute an administrative expense is a conclusion of law."). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

2

Section 503(b) of the Bankruptcy Code provides that, "[a]fter notice and a hearing, there shall be allowed administrative expenses, . . . including . . . the actual, necessary costs and expenses of preserving the estate including . . . wages, salaries, and commissions for services rendered after the commencement of the case." Under this Court's case law, "an expense is administrative only if it arises out of a transaction between the creditor and the . . . debtor in possession, and only to the extent that the consideration supporting the claimant's right to payment was both supplied to and beneficial to the debtor-in-possession in the operation of the business." *McFarlin's*, 789 F.2d at 101 (citations and internal quotation marks omitted). A creditor seeking administrative expense treatment has the burden of proving its entitlement to that status. *In re Bethlehem Steel*, 479 F.3d at 172.

FELRA recognizes that, under our decision in *McFarlin's*, it is not entitled to administrative expense priority for its entire withdrawal liability claim. *See* 789 F.2d at 103-04. Instead, FELRA seeks administrative expense treatment for an amount that it claims is the portion properly attributable to A&P's post-petition operations, and thus to the post-petition labor of FELRA's members. Assuming without deciding that such a claim exists, we nevertheless affirm the bankruptcy court's denial of FELRA's motion for allowance of an administrative expense claim on the ground that FELRA has failed to meet its burden of proving that its claim is entitled to administrative expense treatment.

FELRA's proposed calculation method involves performing the operations necessary to arrive at A&P's total withdrawal liability under ERISA's presumptive method, *see* 29 U.S.C. § 1391(b), but stopping once FELRA's share of the unfunded vested benefits allocated to the year 2011 has been calculated, and basing its claim on that number. Due to the peculiarities of ERISA's calculation methodology, that number bears little if any relation to the actual amount of unfunded benefits that vested in 2011, because ERISA's presumptive method uses the most recent plan year

3

as a dumping ground for any unfunded vested benefits that exist as a financial reality, but which have been discounted out of past years' amounts. In other words, the amount of unfunded vested benefits allocated to the year 2011 by the ERISA presumptive method is a fiction, bearing no relationship to the amount by which the Plan's unfunded benefits or A&P's withdrawal liability actually increased or decreased during the 2011 plan year.

A debt "can only be an administrative expense if the debtor received the consideration for the obligation after the commencement of bankruptcy proceedings." *In re Bethlehem Steel*, 479 F.3d at 172-73. Because FELRA's proposed post-petition claim amount bears no causal relationship to the post-petition consideration provided by the covered employees—either in terms of hours worked or in terms of the employees' willingness to work at all—FELRA cannot meet its burden of showing that A&P received the consideration for FELRA's claim "after the commencement of bankruptcy proceedings." *Id.* at 173. Moreover, as the bankruptcy court pointed out, "the calculation is loaded in favor of a higher number for the year of withdrawal," even though FELRA cannot show that the consideration provided by the covered workers was concomitantly "loaded in favor of" the year 2011. Sp. App'x at 14. FELRA's protests that this is the only method that accords with ERISA are disingenuous—FELRA's own expert admitted that ERISA had nothing to say about how a withdrawal liability claim should be partitioned for bankruptcy purposes—and incorrect, as the ERISA presumptive method is meant to arrive at a total withdrawal liability number, and the various subtotals that go into that final total serve no independent purpose in the statute. *See generally* 29 U.S.C. § 1391. Thus, the bankruptcy court did not err in holding that FELRA's proposed administrative expense claim, as calculated, failed to qualify for administrative expense status.

4

We have considered all of the remaining arguments raised by Appellant and find them to be without merit. For the reasons stated above, we **AFFIRM** the District Court's August 11, 2014 judgment affirming the July 2, 2013 order of the Bankruptcy Court.

                                                    FOR THE COURT:
                                                    Catherine O'Hagan Wolfe, Clerk